**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.:**

DEDE SANGMORTEY, and
CHRISTOPHER MOORE,

      Plaintiffs
      v.

SCHUMACHER AUTO GROUP, INC.,
CHARLES A. SCHUMACHER, and
AMANDA SCHUMACHER,

      Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiffs, DEDE SANGMORTEY ("SANGMORTEY") and CHRISTOPHER MOORE ("MOORE') (SANGMORTEY and MOORE collectively "Plaintiffs") pursuant to 29 U.S.C. § 216(b), file the following Complaint for Damages and Demand for Jury Trial against Defendants, SCHUMACHER AUTO GROUP, INC. ("SCHUMACHER AUTO"), CHARLES A. SCHUMACHER ("CHARLES"), and AMANDA SCHUMACHER ("AMANDA") (SCHUMACHER AUTO, CHARLES and AMANDA collectively "Defendants"), and alleges the following:

**INTRODUCTION**

1.    Defendants unlawfully deprived Plaintiffs of federal overtime wages during the course of their employment. This action arises under the Fair Labor Standards Act ("FLSA")

pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendants refused to pay Plaintiffs during the three (3) years preceding filing their Requests for Arbitration.[1]

## PARTIES

2.      During all times material hereto, Plaintiffs were residents of Palm Beach County Florida, over the age of 18, and otherwise *sui juris*.

3.      During all times material hereto, Defendant SCHUMACHER AUTO is and was a Florida for profit corporation with its principal location at 3031 Okeechobee Blvd., West Palm Beach, FL 33409, within the jurisdiction of this Honorable Court.

4.      During all times material hereto, Defendant SCHUMACHER AUTO was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices that pertained to Plaintiffs.

5.      Defendant, SCHUMACHER AUTO, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

6.      During all times material hereto, Defendant CHARLES resided in Palm Beach County, Florida.

7.      Moreover, Defendant CHARLES was a corporate officer of Defendant SCHUMACHER AUTO in Palm Beach County, Florida during all times material hereto.

8.      Defendant, CHARLES, was an owner, director and corporate agent of Defendant SCHUMACHER AUTO during the relevant time period.

---

[1] Plaintiffs filed Demands for Arbitration along with the required fees in April 2021. *Exhibit A*. Plaintiffs filed Amended Demands for Arbitration in May 2021. *Id.* Defendants refused to pay Arbitration fees and costs and defaulted on their contractual obligation to Arbitrate.

9.      During all times material hereto, Defendant, CHARLES controlled the day-to-day operations of Defendant SCHUMACHER AUTO and oversaw the work performed by Plaintiffs on behalf of Defendants SCHUMACHER AUTO.

10.     During all times material hereto, Defendant, CHARLES, had hiring and firing authority over Plaintiffs on behalf of Defendant, SCHUMACHER AUTO.

11.     Defendant, CHARLES, was Plaintiff's employer, as defined by 29 U.S.C. 203(d), during all times pertinent to the allegations herein.

12.     Upon information and belief, Defendant, AMANDA, resided in Palm Beach County, Florida during all times pertinent hereto.

13.     Defendant, AMANDA, was also an owner and/or corporate agent of Defendant SCHUMACHER AUTO during the relevant time period.

14.     During all times material hereto, Defendant, AMANDA controlled the day-to-day operations of Defendant SCHUMACHER AUTO, as well as controlled SCHUMACHER AUTO's payroll, wage and hour practices, time keeping practices, hiring, firing, and scheduling practices, and otherwise controlled and directed Plaintiffs' work on a daily basis.

15.     Defendant, AMANDA, was Plaintiff's employer, as defined by 29 U.S.C. 203(d), during all times pertinent to the allegations herein.

16.     Defendants were joint employers of Plaintiff, as defined by the FLSA and all pertinent regulations thereto, during all times material to this Collective Action Complaint.

## JURISDICTION AND VENUE

17.     All acts and omissions giving rise to this dispute took place within Palm Beach County, Florida, which falls within the jurisdiction of this Honorable Court.

18.     The Corporate Defendants are headquartered and regularly transact business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

19.     Defendants CHARLES and AMANDA owned and operated SCHUMACHER AUTO within Palm Beach County, Florida within the relevant time period.

20.     Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## DEFENDANTS HAVE WAIVED THEIR RIGHT TO COMPEL ARBITRATION

21.     Plaintiffs and Defendants were subject to Arbitration Agreements and Arbitration Rules. *See Exhibit A*.

22.     Under the Arbitration Agreements, Plaintiffs served their Requests for Arbitration ("RFA") along with the required fees in April 2021. *Id.* Plaintiffs filed Amended Demands for Arbitration in May 2021. *Id.*

23.     However, Defendants refused to engage in Arbitration with Plaintiffs and defaulted in their payment obligations.[2]

## GENERAL ALLEGATIONS

24.     Defendant, SCHUMAHER AUTO owns and operates several large car dealerships throughout Florida. https://www.schumacherauto.com/locations/ (last visited August 16, 2022).

25.     Plaintiffs worked for Defendants as appointment "Appointment Setters."

---

[2] Judge Smith previously held that Defendants waived their right to arbitration. *See Spikes et al., v. Schumacher Auto Group, Inc., et al.,* 9:21-cv-91223-RS, D.E. 19, (S.D. Fla. Feb. 1, 2022). Plaintiffs filed their RFAs along with the Plaintiffs in *Spikes*.

26.     Defendants hired Plaintiff, SANGMORTEY, on or about May 13, 2018. Plaintiff, SANGMORTEY continued to work for Defendants until her wrongful termination on or about June 6, 2020.

27.     Defendants hired Plaintiff, MOORE, in or around January 2016. Plaintiff MOORE continued to work for Defendants until his wrongful termination on or about June 5, 2020.

28.     Plaintiffs' primary duty during their employment with Defendants was to set appointments for people to visit Defendants' car dealership.

29.     Plaintiffs worked for Defendants at a call center.

30.     Plaintiffs did not work for Defendants at any of their car dealerships and did not perform any sales during their employment periods.

31.     Defendants expressly forbade Plaintiffs discussing sales prices with Defendants' customers during the appointment setting process.

32.     Defendants paid Plaintiffs a fixed monthly salary of $2,000 per month based upon a forty (40) hour workweek.

33.     The salary Defendants paid Plaintiffs was only intended to cover their first forty (40) hours of work per week.

34.     Defendants paid Plaintiffs additional remuneration in the form non-discretionary flat-fee bonuses.

35.     These non-discretionary bonuses are based upon the number of appointments Plaintiffs scheduled per month.

36.     Defendants stopped keeping time records for Plaintiffs on or about November 9, 2018.

37.     Defendants reinstated their time keeping process in or around May 2020.

38.     Plaintiffs regularly performed work in excess of forty (40) hours per week without being paid the proper overtime wage rate for some or all hours of work over forty (40) in one or more workweeks within the relevant time period.

39.     Defendants, CHARLES and AMANDA both regularly oversaw and directed Plaintiffs' duties and the pay policies that applied to Plaintiffs.

40.     Defendants' time and payroll records do not accurately depict the actual number of hours that Plaintiffs worked during their employment periods.

**FLSA COVERAGE**

41.     Defendant, SCHUMACHER AUTO, is covered under the FLSA through enterprise coverage, as SCHUMACHER AUTO was engaged in interstate commerce during all pertinent times in which Plaintiffs were employed.  More specifically, SCHUMACHER AUTO engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. SCHUMACHER AUTO's business and Plaintiffs' work for SCHUMACHER AUTO affected interstate commerce because the goods and materials that Plaintiffs used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

42.     During their employment with SCHUMACHER AUTO, Plaintiffs handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: extension cords, pencils, pens, paper, tape, keyboards, computers, cables, paperclips, envelopes, telephones, stamps, markers, staplers, staples, masks, head sets, and other related items.

43.     SCHUMACHER AUTO also regularly employed two (2) or more employees for the relevant time period who handled the same or similar goods or materials as Plaintiffs, thus making SCHUMACHER AUTO's business an enterprise covered by the FLSA.

44.     Upon information and belief, Defendant SCHUMACHER AUTO grossed or did business in excess of $500,000.00 during the years of 2018, 2019 and 2020.

45.     During their employment with Defendants, Plaintiffs (i) were paid based on the quantity or quality of work performed; (ii) did not make any decisions of importance on behalf of Defendants, (iii) were not required to possess any advanced training, skill, or prolonged education in order to perform any of their primary duties and responsibilities, (4) did not perform any sales; and (5) were primarily employed to perform non-exempt work.

46.     During all material times hereto, Plaintiffs were non-exempt employees of Defendants, within the meaning of the FLSA.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(Against all Defendants)**

47.     Plaintiffs hereby re-allege and re-aver Paragraphs 1 through 46 as though set forth fully herein.

48.     Plaintiffs allege this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

49.     Defendants refused to pay Plaintiffs one-and-one-half times their regular hourly rates for certain hours that Plaintiff worked in excess of 40 hours in one or more weeks of their employment with the Defendants.

50.     Plaintiffs claim the applicable federal overtime wage rate for all hours over 40 that they worked during the applicable statute of limitations.

51.     Defendants willfully and intentionally refused to pay Plaintiffs federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

52.     Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

53.     Defendants' willful and/or intentional violations of federal wage law entitle Plaintiffs to an additional amount of liquidated, or double damages.

WHEREFORE, Plaintiffs, DEDE SANGMORTEY and CHRISTOPHER MOORE, respectfully request that this Honorable Court enter judgment in their favor and against Defendants SCHUMACHER AUTO GROUP, INC., CHARLES A. SCHUMACHER, and AMANDA SCHUMACHER, and award Plaintiffs: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, DEDE SANGMORTEY and CHRISTOPHER MOORE, demand a trial by jury on all appropriate claims.

**Dated: August 19, 2022**

8

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10the Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on August 19, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: