**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:22-cv-81290-DMM**

DEDE SANGMORTEY, and
CHRISTOPHER MOORE,

    Plaintiffs,

v.

SCHUMACHER AUTO GROUP, INC.,
et. al.,

    Defendants.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING POTENTIALLY DISPOSITIVE SUMMARY JUDGMENT DETERMINATION IN RELATED CASE**

    Plaintiffs, DEDE SANGMORTEY ("Sangmortey") and CHRISTOPHER MOORE ("Moore") (collectively "Plaintiffs"), by and through undersigned counsel, file their Response in Opposition to Defendants' Motion to Stay Proceedings Pending Potentially Dispositive Summary Judgment Determination in Related Case, as follows:

    **I.    INTRODUCTION**

    Defendants seek an unnecessary stay of this case. No dispositive motion is currently pending before Your Honor and the only justification provided by Defendants to support a stay is that they intend to rely on defenses asserted in "potentially dispositive" summary judgment pleadings in a separate lawsuit pending in this district before another judge. The defenses raised in this other lawsuit are not dispositive of the claims in this case. This is because each defense asserted is specific to each plaintiff and requires a case-by-case application and analysis as to each individual. Defendants fail to articulate any legitimate basis to stay any part of this case and their Motion is devoid of any evidence of undue burden or hardship they will suffer from participating in this case. Most importantly, there is no "clear and immediate" evidence that Defendants will prevail on the defenses they intend to raise in this case and there is ultimately no benefit to entering a stay. The Parties should proceed to a settlement conference followed by discovery if resolution efforts prove unsuccessful. The Motion to Stay should be denied immediately.

## II. FACTS

Plaintiffs are former employees of Schumacher Auto Group ("SAG") in Palm Beach County, Florida. *See* D.E. 1, ¶18. Charles and Amanda Schumacher owned and operated SAG during the relevant time period, and oversaw the work performed by the plaintiffs. *See* D.E. 1, ¶39. Plaintiff, Sangmortey, worked for Defendants from approximately May 13, 2018, through June 6, 2020. *See* D.E. 1, ¶26. Plaintiff, Moore, worked for Defendants from January 2016 through approximately June 5, 2020. *See* D.E. 1, ¶27. Plaintiffs allege that during their respective employment periods, they worked for Defendants at a call center where they set appointments for individuals to visit the dealership and performed non-exempt work. *See* D.E. 1, ¶¶28-30. Plaintiffs did not perform any sales work for Defendants and were forbidden from discussing sales prices with customers. *See* D.E. 1, ¶¶30-31. Plaintiffs were paid a fixed monthly salary of $2,000.00 per month and received non-discretionary flat-fee bonuses during their employment. *See* D.E. 1, ¶¶32-34. Plaintiffs regularly worked in excess of 40 hours in a workweek without being compensated proper federal overtime wages under the Fair Labor Standards Act ("FLSA"). D.E. 1, ¶38. Plaintiffs filed their Complaint for Damages and Demand for Jury Trial on August 19, 2022. *See* D.E. 1.

Defendants filed their Answer and Affirmative Defenses to the operative Complaint on October 3, 2022. *See* D.E. 11. That same day Defendants filed a Motion to Stay Proceedings Pending Potentially Dispositive Summary Judgment Determination in Related Case. *See* D.E. 9 (hereinafter "the Motion"). The Motion argues that Your Honor should stay this case because a separate lawsuit is currently pending against these same Defendants concerning their failure to pay federal overtime wages. *Id.* citing Spikes, et. al. v. Schumacher Auto Group, S.D. Fla. Case No. 9:21-cv-91223-RS (hereinafter "Spikes").[1] More specifically, Defendants claim a stay is warranted because they intend to raise the same three (3) defenses which they asserted against the plaintiffs in Spikes:

    (1) the 7(i) Exemption under the FLSA;
    (2) the Automobile Sales Exemption under the FLSA; and
    (3) the fluctuating workweek ("FWW") method of computing overtime wages.

*See* D.E. 9, p.3.

---

[1] The plaintiffs in Spikes filed suit on or about July 12, 2021.

Summary judgment in Spikes has been fully briefed for over a month and is pending adjudication. Defendants implore the Court to stay this case because they contend that: (i) Sangmortey and Moore were employed by the same Defendants as the plaintiffs in Spikes; and (ii) the outcome in Spikes will determine the outcome in this case. Most respectfully, Defendants are wrong. The outcome in Spikes is not dispositive as it relates to the issues in this case. The simple fact that Sangmortey and Moore were employed by the same Defendants as the plaintiffs in Sikes does not by itself warrant the entry of a stay. Moreover, adjudication of the defenses at issue in Spikes does not control the applicability of the same defenses in this case. For example, the applicability of the 7(i) exemption under the FLSA is applied to employees on a week-by-week basis. Accordingly, the applicability of the 7(i) exemption to the plaintiffs in Spikes is not dispositive here and must be determined after thorough review and analysis of the payroll and time records for Sangmortey and Moore for each workweek of their employment period. The FWW method of computation of federal overtime wages similarly requires a case-by-case analysis and determination of this issue relative to the plaintiffs in Spikes is also not dispositive here. Finally, the Automobile Sales exemption asserted by Defendants in Spikes is hotly contested by the parties in that case and there does not appear to be a "clear and immediate" likelihood that Defendants will prevail on this defense. This is reason alone to deny the motion to stay in this case. Defendants have the burden to establish their likelihood of prevailing on this defense and have made no attempt to do so in this case. These Plaintiffs specifically allege that they did not engage in sales and were forbidden from discussing sales prices with customers. *See* D.E. 1. Defendants finally claim that adjudication of summary judgment in Spikes will have a "material impact on the merits of this case," but nevertheless concede (as they must) that "this Court is not necessarily bound by decisions by other intra-District judges." *Id.* Defendants do not argue that any current or forthcoming requirements or deadlines imposed by the Court present an undue burden and fail to provide this Honorable Court with any actual evidence to warrant a stay of discovery. While certain aspects of Sangmortey and Moore's claims *may* overlap with some of the issues in the pending Spikes litigation (i.e. same company, same individual employers, and job locations), the defenses raised are applied on a case-by-case basis. For the reasons set forth below, this Honorable Court should deny D.E. 11.

### III.    MEMORANDUM OF LAW
####      a. Motion to Stay

Motions to stay pending a ruling on a dispositive motion,[2] are disfavored in the Southern District of Florida. *See, e.g.,* Flecha v. Neighbors Moving Servs., Inc., 944 F.Supp.2d 1201, 1203 (S.D. Fla. 2013) (Denying motion to stay discovery pending adjudication of motion to dismiss FLSA lawsuit); Ray v. Spirit Airlines, Inc., 2012 WL 5471793, at *3 (S.D. Fla. 2012). Indeed, in the Southern District of Florida, a stay pending determination of a dispositive issue is the exception rather than the rule.[3] *See, e.g.,* Cabrera v. Progressive Behavioral Science, Inc., 331 F.R.D. 185 (S.D. Fla. 2019) (denying motion to stay in FLSA case because defendant failed to establish a substantial likelihood they would prevail on a dispositive motion); *see, also,* Leigue v. Everglades College, Inc., 2022 WL 4110315 (S.D. Fla. Sept. 8, 2022) (denying motion to stay pending outcome of dispositive motion). "Courts have consistently rejected any per se requirement to stay discovery pending resolution of a dispositive motion." *See, e.g.,* Bocciolone v. Solowsky, 2008 WL 2906719, at *1 (S.D. Fla. 2008). Unless there is an "immediate and clear possibility" that a dispositive motion will be granted, a motion to stay should not be granted. *See, e.g.,* Eternal Strategies LLC, 2017 WL 7311849 at *2 *citing* Feldman, 176 F.R.D. at 653.

To evaluate whether there is a strong likelihood a dispositive motion will be granted and entirely eliminate the need for discovery in a case, the district court must take a "preliminary peek" at the merits of the motion. *See, e.g.,* Cabrera, 331 F.R.D. at 186 *citing* Feldman v. Flood, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997). The dispositive nature of a motion is the lynchpin to achieving a stay which is rarely appropriate when the motion will not dispose of the entire case. *See, e.g.,* Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) *citing* Lugo v. Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550 (11th Cir. 1985). The moving party bears the burden of

---

[2] Because there is no dispositive motion pending before Your Honor the Defendants claim that their request to stay this case pending adjudication of summary judgment in Spikes is analogous to a motion to stay discovery pending resolution of a dispositive motion. *See* D.E. 9, p.4.

[3] The Southern District of Florida local rules "make clear that a stay of discovery pending the determination of a motion to dismiss is the exception rather than the rule." *See, e.g.,* Wilson v. Everbank, N.A., 2014 WL 12774848 at *1 (S.D. Fla. 2014) *citing S.D. Fla. Local Rules, App. A, Discovery Practices Handbook I.D(5)* ("normally, the pendency of a motion to dismiss or motion for summary judgment will not justify a unilateral motion to stay discovery pending a ruling on the dispositive motion").

showing good cause for entry of a stay. *Id.* Good cause requires a specific showing of prejudice or burdensomeness unless a statute dictates that a stay is appropriate or mandatory. *See, e.g.,* Montoya v. PNC Bank, N.A., 2014 2807617 at *2 (S.D. Fla. 2014). Ultimately, "the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." Ray, 2012 WL 5471793 at *1. When evaluating a defendant's request for entry of a stay, the courts require a "specific showing – supported by relevant evidence" to warrant a stay. *See, e.g.,* Wilson, 2014 12774848 at *2.[4]

### b. **Summary Judgment in *Spikes* is Not Dispositive of the Claims in this Case**

The summary judgment pleadings in Spikes are not dispositive in this case. Defendants nevertheless contend that a stay is warranted because they intend to rely upon 3 of their defenses that are pending summary judgment in Spikes: (1) the 7(i) exemption; (2) the Automobile Sales Exemption; and (3) FWW method of compensation. *See* D.E. 9. Defendants do not provide any analysis in the Motion concerning the standard and/or applicability of theses defenses and/or their likelihood of prevailing on these defenses *in this specific case*. It is not the Court's responsibility to make arguments for Defendants. *See, e.g.,* Henry v. Stephens, 2021 WL 3264284 at *7 (S.D. Fla. 2021); *see, also,* GEICO v. Glassco, Inc., 2021 WL 4391717 at *18 (M.D. Fla. 2021) ("The district court is free to disregard arguments that are not adequately developed") *citing* Resol. Tr. Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995). Simply put, each of these defenses requires a case-by-case and plaintiff-by-plaintiff analysis, which clearly establishes the non-dispositive nature of the defenses.

### i.    7(i) Exemption

In order for an employer to invoke the 7(i) Exemption under the FLSA, it must establish the following elements: (1) the employer is a retail or service establishment; (2) the employee's regular rate of pay exceeds 1.5 times the minimum wage; and (3) **more than half of the**

---

[4] When considering if a stay is warranted pending the resolution of similar proceedings in another forum, "the district court must limit properly the scope of the stay." *See, e.g.,* Mancini v. JP Morgan Chase Bank, N.A., 2016 WL 1273185 (S.D. Fla. 2016) (Denying motion to stay pending outcome of similar litigation) *quoting* Ortega Trujillo v. Conover & Co. Comms., Inc., 221 F.3d 1262, 1264 (11th Cir. 2000) *citing* CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982). In determining whether a stay is immoderate, the Eleventh Circuit has cautioned that it will examine "the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay." Ortega, 221 F.3d at 1264.

**employee's compensation from a representative period represents commission on goods or services**. *See, e.g.,* Dahdouh v. Road Runner Moving and Storage Inc., 2021 WL 3682293 at *3 (S.D. Fla. 2021) *citing* Compere v. Nusret Miami, LLC, 2020 WL 4464627 at *4 (S.D. Fla. 2020) *citing* 29 U.S.C. § 207(i). This exemption is determined on a case-by-case basis. *Id.* The employer bears the burden of proving the 7(i) Exemption by "clear and affirmative evidence." *See, e.g.,* Alban v. 2K Clevelander LLC, 2018 WL 4859068 at *3 (S.D. Fla. 2018) *citing* Klinedinst v. Swift Investments, inc., 260 F.3d 1251, 1254 (11th Cir. 2001); *see, also,* Lugo v. Hulett Environmental Services, Inc., 2011 WL 13298502 at *3 (M.D. Fla. 2011) ("It is Defendant's burden to prove each element of the 7(i) exemption").

Pursuant to the Department of Labor ("DOL") regulations:

> In determining for purposes of Section 7(i) whether more than half of an employee's compensation "represents commissions on goods or services" it is necessary to first total all compensation paid to or on behalf of the employee as remuneration for his employment during the period.

*See* 29 C.F.R. § 779.415(a).

The third element of this test is a serious point of contention between the parties in Spikes. *See* S.D. Fla. Case No. 9:21-cv-81223-RS at D.E. 107 at p.19 (plaintiffs citing pay periods where they did not receive more than 50% of their compensation from commission).[5] Because the second and third elements of the 7(i) Exemption require a week-by-week analysis of compensation paid to Sangmortey and Moore, Lugo, 2011 WL 13298502 at *3, the outcome of this case **is not contingent** upon the adjudication of summary judgment of the 7(i) defense raised in Spikes. *See* Dahdouh, 2021 WL 3682293 at *6 (denying defendant's 7(i) motion for summary judgment because issue of fact existed as to whether employee earned requisite amounts in each workweek). There is no justification for staying this case because 7(i) exemption requires individual analysis of payments made to Sangmortey and Moore.

---

[5] Even if the Court considers Defendants' likelihood of success in Spikes (which it most respectfully should not because the summary judgment pleadings are not dispositive in this case), this factor weighs in favor of denying the motion to stay because there are workweeks in Spikes where plaintiffs worked more than 40 hours and did not receive more than half of the compensation from commission payments in a representative period.

### ii.     Automobile Sales Exemption

Under the FLSA a specific exemption from the overtime pay provisions is provided in Section 13(b)(1) for certain employees of non-manufacturing establishments engaged in the business of selling automobiles, trucks, farm implements, trailers, boats, or aircraft. *See* 29 C.F.R. § 779.372(a). This exemption applies to certain employees if the following two tests are met:

(1) The establishment must not be engaged in manufacturing; and
(2) The establishment must be primarily engaged in the business of selling automobiles.

*See* 29 C.F.R. § 779.372(b)(1)(i)-(ii).

If an establishment satisfies this test the exemption will be available for salesmen who are primarily engaged in the workweek in the selling or servicing of the named items. *Id.* A salesman is considered to be an employee who is employed for the purpose of and is primarily engaged in making sales or obtaining orders or contracts for the sale of automobiles. *See* 29 C.F.R. § 779.372(c)(1). "Primarily engaged" means the major part or over 50 percent of the salesman's time must be spent selling vehicles. *See* 29 C.F.R. § 779.372(d).

Sangmortey and Moore's actual day-to-day duties and responsibilities control whether they are salesmen under the applicable regulations and whether the Automobile Sales Exemption applies in this case. Determination of their primary duties is contingent upon the facts **in this case** and is not predicated on any finding by the court in Spikes. In other words, the day-to-day duties and responsibilities of the plaintiffs in Spikes does not control the outcome in this case. Even if the Court in Spikes determines *those* plaintiffs were primarily engaged in making sales or obtaining orders for the sale of automobiles such determination does not carry over to the economic realities of work performed by Sangmorety and Moore.

### iii.     FWW Method of Computing Overtime Wages

The fluctuating workweek method ("FWW") of computing overtime wages under the FLSA is merely a permissible way for an employer to calculate overtime wages when a non-exempt employee works in excess of 40 hours in a workweek. An employer may use the FWW method to properly compute overtime compensation based on the regular rate for a non-exempt employee under the following circumstances:

(1) The employee works hours that fluctuate from week to week;

(2) The employee receives a fixed salary that does not vary with the number of hours worked in the workweek, whether few or many;

(3) The amount of the employee's fixed salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum age rate for every hour worked in those workweeks in which the number of hours the employee works is greatest;

(4) The employee and the employer have a clear and mutual understanding that the fixed salary is compensation (apart from overtime premiums and any bonuses, premium payments, commissions, hazard pay, or other additional pay or any kind not excludable from the regular rate under section 7(e)(1) through (8) of the Act) for the total hours worked each workweek regardless of the number of hours, although the clear and mutual understanding does not need to extend to the specific method used to calculate overtime pay; and

(5) The employee receives overtime compensation, in addition to such fixed salary and any bonuses, premium payments, commissions, hazard pay, and additional pay of any kind, for all overtime hours worked at a rate of not less than one-half the employee's regular rate of pay for that workweek. Since the salary is fixed, the regular rate of the employee will vary from week to week and is determined by dividing the amount of the salary and any non-excludable additional pay received each workweek by the number of hours worked in the workweek. Payment for overtime hours at not less than one-half such rate satisfies the overtime pay requirement because such hours have already been compensated at the straight time rate by payment of the fixed salary and non-excludable additional pay. Payment of any bonuses, premium payments, commissions, hazard pay, and additional pay of any kind is compatible with the fluctuating workweek method of overtime payment, and such payments must be included in the calculation of the regular rate unless excludable under section 7(e)(1) through (8) of the Act.

*See* 29 C.F.R. § 778.114(a)(1)-(5).

Your Honor has previously held that the FWW Method of Calculation "only applies where there is 'a clear understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number.'" *See, e.g.,*

Diaz v. Tropicare Service, LLC, 2015 WL 13777065 at *6 (S.D. Fla. 2015) (Middlebrooks, J.) (Denying summary judgment). Accordingly, the applicability of the FWW method of computation requires an individual analysis of whether a clear understanding existed between the Defendants and Sangmortey and Moore. Even if the FWW method of computation is applied in Spikes that is not binding on the plaintiffs in this case, and, in any event, is not a *dispositive* issue in this case. *See, e.g.,* Feldman, 176 F.R.D. at 652 *citing* Lugo, 762 F.2d at 1550; Flecha, 944 F.Supp.2d 1201 (where there is no pending dispositive issue in a case the proper procedure is to deny motion to stay) *citing* Fifth Third Bankcorp v. Barkauskas, 2013 U.S. Dist. Lexis 14597 (M.D. Fla. 2013); Eternal Strategies, LLC v. Clickbooth Holdings, Inc., 2017 WL 7311849 (M.D. Fla. 2017) *citing* Hovermale v. Sch. Bd. of Hillsborough Cnty., Fla., 128 F.R.D. 287, 289 (M.D. Fla. 1989).

    c. **Defendants Fail to Establish an "Immediate and Clear" Possibility they Will Prevail on a Pending Dispositive Motion**

There is no pending dispositive motion against these plaintiffs before Your Honor on which the Court may take a "preliminary peek." *See* Cabrera, 331 F.R.D. at 186. Even if the Court considers the summary judgment pleadings in Spikes, the Defendants have failed to establish an "immediate and clear" possibility they will prevail on their defenses in Spikes. Still, even if Defendants convince this Court there is an "immediate and clear" possibility they will prevail on their defenses in Spikes, those defenses are not dispositive in this case - the Court must apply the 7(i) exemption and FWW to the hours worked, and compensation earned by the plaintiffs **in this case**. Moreover, the burden squarely rests entirely with Defendants to establish applicability of the Automobile Sales Exemption, 7(i) Exemption, and FWW. Defendants have failed to establish any likelihood of prevailing on this defense in their Motion. Defendants (through mere argument of their counsel) conclusively claim that Sangmortey and Moore were tasked with selling automobiles and "similarly situated" to the plaintiffs in Spikes. Yet, Sangmortey and Moore specifically allege themselves to have been non-exempt employees who worked in a call center and did not perform any sales duties during their employment. *See* D.E. 1. These Plaintiffs specifically allege that they were forbidden from discussing sales prices with customers. *See* D.E. 1. These discrepancies constitute the textbook definition of a contested issue of fact that is ripe for discovery and the Motion is only intended to delay the inevitable discovery that is required in this case. Accordingly, adjudication of these issues in Spikes will not simplify or otherwise streamline issues in this case and the Motion should be denied. *See, e.g.,* Prisuna Engineering Corp. v.

9

Samsung Elec. Co., Ltd., 472 F.Supp.3d 1183 (S.D. Fla. 2020) (one of the factors for the court to consider is whether a stay will help with simplification of the issues in question); Hamilton v. Suntrust Mortg. Inc., 2014 U.S. Dist. LEXIS 85885 (S.D. Fla. 2014) ("Motions to stay discovery 'are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems'") (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997); Gannon, 2008 WL 793682 at *1 (stay rejected where no delayed in adjudicating motion to dismiss and therefore no unnecessarily prolonging of discovery); Ray, 2012 WL 5471793 at *3 (stay rejected where court did not unduly delay any rulings, and explaining that "the Court is not required to move [defendant's] dismissal motion to the front of the line, ahead of other cases with pending motions, and fully adjudicate it on the spot; such a requirement would be unfair to other parties, as well as to the Court").

### d. Defendants Fail to Provide Evidence of Substantial Burden

Defendants fail to assert any evidence of undue burden imposed by participating in discovery in this case or any "specific showing" of prejudice or difficulty that is required to impose a stay. *See* Leigue, 2022 WL 4110315 at *1 *citing* Montoya, 2014 WL 2807617 at *2 (conclusory statements regarding burdensome discovery could not support stay). Rather, Defendants argue that their pending motion for summary judgement in Spikes asserts several of the same arguments they intend to *eventually* raise in this case but fail to provide this Honorable Court with actual evidence of any burden (let alone substantial burden) to warrant the imposition of a stay. *See, e.g.,* Montoya, 2014 WL 2807617 at *2; Ray, 2012 WL 5471793 at *3. The Motion is devoid of anything other than argument of counsel which is insufficient to establish the requisite burden for justifying entry of a stay. *See, e.g.,* Walker v. United Parcel Service, Inc., 2021 WL 1089872 at *11 (S.D. Fla. 2021) (argument of counsel insufficient to establish evidence). Defendants are not permitted to provide any new argument in any forthcoming reply brief. *See, e.g.,* DeRossett v. Southeast Toyota Distributors, Inc., 2017 WL 7311876 at *1 (S.D. Fla. 2017) (Dimitrouleas, J.) (refusing to consider new arguments and evidence raised in reply brief) *citing* Martinez v. Weyerhaeuser Mortgage Co., 959 F.Supp. 1511, 1515 (S.D. Fla. 1996) (refusing to consider new arguments raised in reply brief).

### e. Your Honor is Not Bound by Other Intra-District Decisions

Even if the Court is convinced that the issues raised by Defendants in Spikes are dispositive concerning issues in this case (which they are not), Your Honor is not bound by Judge Smith's

eventual rulings on the 7(i) Exemption, Automobile Sales Exemption, and FWW issues. *See, e.g.,* Fox v. Acadia State Bank, 937 F.2d 1566, 1570 (11th Cir. 1991) ("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court"); Cimeus v. Vestige Security Inc., 2017 WL 9288587 at *4 (S.D. Fla. 2017) (Middlebrooks, J.) ("More importantly, this Court is not bound to follow the decisions of other judges in the same district") *citing* McGinley v. Houston, 361 F.3d 1328, 1331 (11th Cir. 2004) ("A district judge's decision neither binds another district judge nor binds him…"). Accordingly, there is no basis to stay this case because Your Honor will not be bound by the Spikes decision.

## IV.     CONCLUSION

The issues litigated in Spikes are not dispositive and will not determine the outcome in this case. There is no reason to delay litigation of this case. Most importantly, there is no advantage to the Court staying this case.

WHEREFORE, Plaintiffs, DEDE SANGMORTEY, and CHRISTOPHER MOORE, respectfully request that this Honorable Court enter an Order (a) denying Defendants' Motion to Stay; and entering any and all such further relief as may be deemed just and appropriate under the circumstances.

**Dated this 4th day of October 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS
JORDAN RICHARDS PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
Jordan@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 4th of October 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

**DANIEL R. LEVINE, ESQ.**
Florida Bar No. 0057861
drl@pbl-law.com
**ALEX B.C. ERSHOCK, ESQ.**
Florida Bar No. 100220
abe@pbl-law.com
PADULA BENNARDO LEVINE, LLP
3837 NW Boca Raton Blvd. Suite 200
Boca Raton, Florida 33431
Tel: (561) 544-8900
*Counsel for Defendants*